## JURISDICTION OF COMMON PLEAS IN ERROR.

[Common Pleas Court of Paulding County.]

### H. FOUTS v. S. T. PRICE & COMPANY.*

Decided, February 2, 1906.

*Error to Mayor's Court—Jurisdiction of Common Pleas—As to Errors of Fact not Appearing in the Record—Recourse Should be had to Correct the Record, When.*

1  The common pleas court has jurisdiction, under Section 6708, to consider errors of fact not appearing on the record from the court below.

2.  This jurisdiction is limited to facts of which the record may not be compelled to speak, and when the challenge is as to facts which should appear in the record, recourse should be had to correct the record in the court making it.

KILLITS, J.

Heard on error to mayor's court, in civil action; motion to dismiss petition in error.

Plaintiff in error, defendant below, prosecutes error claiming that judgment for money only was taken against him by default in the court below, upon a service of a summons, which he admits receiving, which was not endorsed, as he claims, with the amount for which judgment might be taken by default (Section 6475). The record shows that summons was duly served by copy, personally, but it is silent as to whether or not it was such as the statute required. Ordinarily, on error, we would be called upon to presume that all things required to be done to acquire jurisdiction were done, if the contrary did not appear by record, and we are compelled to and do hold that the record, as it is, sustains the judgment it recites. The original papers filed with the transcript contain a summons properly endorsed as to the amount claimed, for which judgment might be taken, and this original summons bears the return of the serving officer, showing that a true copy was served upon the plaintiff in error, personally. The plaintiff in error files a verified petition in error, setting up as an error in fact, not appearing on the rec-

___

*Affirmed by the Circuit Court, March 16, 1906.

ord, that the original summons, when issued and served, did not contain the endorsement, and that the endorsement now appearing thereon was placed upon it after judgment was taken. Plaintiff in error contends that this assignment should be considered in this court, citing *Shreve* v. *Parrott*, 4 W. L. B., 39.

The cause comes to be heard upon a motion to dismiss. We are of the opinion that this motion should prevail. The record, especially when re-enforced by the original papers, shows that every jurisdictional fact was present when judgment was taken. This record speaks for itself, and can not be corrected in these proceedings. The place to challenge the correctness of the record is in the court making it. *Railway* v. *Wick*, 35 O. S., 247, 252.

While this court may consider errors of fact not appearing of record in the proceedings of the courts inferior to it, in this respect its jurisdiction in error, conferred by Section 6708, being broader than that of the circuit court under Section 6709 (*Shreve* v. *Parrot, supra*), we are of the opinion that only such facts *dehors* the record may be considered by this court as the record, properly made up, should not have disclosed, and that when the challenge is as to facts which the record, properly made, should have exhibited, such challenge should be first prosecuted to the court below for a correct record. As to the matter below, if plaintiff in error is right, the record is wrong, and the court making it should be first invoked for a true record. We can not presume that the court below would refuse to do its duty when its attention is called to a defect such as is alleged here.

In this case, plaintiff in error admits having received summons that an action of some kind was begun against him in the court below, and it was his duty to proceed in that court if he intended to complain as to the sufficiency of the notice.

The remaining assignments of error were not argued, but the court has considered them, and finds them to be harmless, and not prejudicial.

Motion to dismiss is sustained and petition in error dismissed, with judgment against plaintiff in error for costs. Exceptions by plaintiff in error.

*John W. Zuber*, for plaintiff in error.

*Waters & Spriggs*, for defendant in error.